# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ROMAN ANTATOLEVICH SUROVTSEV, | § | |
| | § | |
| *Petitioner-Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-03065-E-BK |
| | § | |
| Kristi **NOEM**, in her official capacity as Secretary of the U.S. Department of Homeland Security; Pamela **BONDI**, in her official capacity as Attorney General of the United States; Todd **LYONS**, in his official capacity as Acting Director of Immigration and Customs Enforcement; Josh **JOHNSON**, in his official capacity as ICE Dallas Field Office Acting Director; and **WARDEN** of Prairieland Detention Center, in his official capacity, | § § § § § § § § § § § § | |
| | § | |
| *Respondents-Defendants*. | § | |

## ORDER

Before the Court is Petitioner-Plaintiff Roman Antatolevich Surovtsev (Surovtsev)'s Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief. (ECF No. 1).[1] As plead, Surovtsev requests:

> [A] temporary restraining order and/or preliminary injunction preventing Mr. Surovtsev's imminent removal from the United States.
> [. . . .]
> Enjoin Mr. Surovtsev's removal from the United States unless it is determined that he is subject to a valid order of removal and not entitled to statutory withholding of removal;
> [. . . .]
> Enjoin Mr. Surovtsev's removal from the United States unless it is determined that he is ineligible for CAT protection[]

---

[1] Surovtsev's petition is verified. (ECF No. 1 at 28).

(ECF No. 1 at 26-27).[2] Surovtsev filed a corresponding Emergency Motion for Temporary Restraining Order and Preliminary Injunction, which explains:

> Mr. Surovtsev is a 41-year-old husband to a U.S. citizen wife and father to two young U.S. citizen daughters. ECF No. 1 ¶ 1. Over 20 years ago, at 19 years old, Mr. Surovtsev pleaded guilty to carjacking in California. *Id.* ¶ 2. In 2007, he pleaded guilty to a burglary that took place when he was 18. *Id.* He served an 11.5-year sentence. *Id.*
>
> After completing his sentence in 2014, he was ordered removed from the United States pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(i)-(ii), (C). *Id.* ¶ 3. Because his carjacking charge per se constituted a "particularly serious crime," Mr. Surovtsev was barred from applying for statutory withholding of removal under 8 U.S.C. §1231(b)(3)(B), even though he expressed fear of persecution. *Id.* He also involuntarily waived his right to apply for protection under the Convention Against Torture upon being informed that it would prolong his detention. *Id.* ¶ 4.
>
> **On September 3, 2025, the Superior Court of California vacated Mr. Surovtsev's convictions for carjacking, conspiracy to commit carjacking, and use of a firearm on substantive, constitutional grounds.** *Id.* **¶ 6. With the cooperation of the Deputy District Attorney for Placer County, California, Mr. Surovtsev is in the process of entering no-contest pleas to kidnapping, in violation of Cal. Pen. Code § 207(a) and carrying a concealed firearm in violation of Cal. Pen. Code § 24500(a)(3).** *Id.* **¶ 7. Previously, Mr. Surovtsev had been convicted of Cal. Pen. Code §215(a), an aggravated felony for which he had been sentenced to over five years. 8 U.S.C. §1231(b)(3)(B). Subsequent to obtaining post-conviction relief on substantive constitutional grounds, none of his new convictions nor the remaining conviction under Cal. Pen. Code 207(a) is an aggravated felony or a per se particularly serious crime.** *See Id.* **¶¶ 49-57.**
>
> **Based on his post-conviction relief, on November 3, 2025, Mr. Surovtsev's immigration counsel filed a motion to reopen pursuant to 8 U.S.C. § 1229a(c)(7) before an Immigration Judge ("IJ"), which will either render him not removable or will open avenues for immigration relief previously unavailable to him.** *Id.* **¶ 8. The motion is pending before an Immigration Judge in Imperial, California, within the Ninth Circuit.** *Id.* **On November 1, Mr. Surovtsev's immigration counsel supplemented the November 3 motion to reopen by explaining that he is now eligible for statutory withholding under 8 U.S.C. §1231(b)(3)(A) because the recent post-conviction relief eliminated his "particularly serious crime."** *Id.* **¶ 10.**
>
> **On November 8, Mr. Surovtsev was informed by an ICE officer at the Prairieland Detention Facility that he will be removed from the country via**

---

[2] "CAT" refers to the Convention Against Torture. (ECF No. 1 at 2); (ECF No. 2 at 5, 11-13).

> **commercial airline this week.** *Id.* ¶ **9.** He has repeatedly informed his ICE custodians that he fears being removed to Ukraine, a country that is presently at war and under invasion. *Id.* Not only will Mr. Surovtsev face a high likelihood of being killed by the Russian military, but as a foreigner who speaks Russian and not Ukrainian, he faces a high likelihood of persecution from Ukrainian authorities as well. *Id.*

(ECF No. 2 at 5-6) (emphasis added in bold). Surovtsev's request for injunctive relief provides:

> [T]he Court should grant Mr. Surovtsev's emergency motion for a temporary restraining order and preliminary injunction restraining Respondents-Defendants from removing Mr. Surovtsev to Ukraine or any third country before his eligibility for statutory withholding of removal or CAT protection has been determined.

(ECF No. 2 at 17).

The Court, (i) as a part of its inherent docket control powers[3] and (ii) to ensure the prompt consideration of Petitioner-Plaintiff's requested relief, enters the following orders.

**IT IS ORDERED THAT:**

1. Respondent-Defendants—Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security; Pamela Bondi, in her official capacity as Attorney General of the United States; Todd Lyons, in his official capacity as Acting Director of Immigration and Customs Enforcement; Josh Johnson, in his official capacity as ICE Dallas Field Office Acting Director; and Warden of Prairieland Detention Center, in his official capacity—**or any officer, agent, servant, employee, attorney, or representative acting on behalf of Respondents-Defendants SHALL NOT take any further action or steps to deport or remove Petitioner from the United States to another country, territory, or foreign territory, or to circumvent the provisions of this Order until <u>Tuesday, January 13, 2026</u>, when the Court anticipates ruling on the pending**

---

[3] The Fifth Circuit has further recognized the Court's inherent power "to control its own "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995).

**Emergency Application for Temporary Restraining Order and the underlying Petition.**

2. Respondents-Defendants shall file a notice of appearance in this action by **November 18, 2025**;

3. Pursuant to Federal Rule of Civil Procedure 65(b)(1), by **November 18, 2025**, Petitioner-Plaintiff must file a supplement to his TRO—including any additional evidence—that (i) clearly shows the immediate and irreparable injury, loss, or damage will result before Respondents-Defendants can be heard in opposition; and (ii) includes a written certification from counsel of any efforts made to give notice to Respondents-Defendants and the reasons why such notice should not be required; and

4. Counsel for Petitioner-Plaintiff is DIRECTED to notify the United States Attorney for the Northern District of Texas of his lawsuit and of this Order. Further, Petitioner-Plaintiff shall file a notice on the docket of this case explaining how he complied with providing notice.

**SO ORDERED.**

11th day of November, 2025.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE