**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROMAN ANTATOLEVICH SUROVTSEV, | § § § | |
| *Petitioner-Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:25-CV-03065-E-BK |
| Kristi **NOEM**, in her official capacity as Secretary of the U.S. Department of Homeland Security; Pamela **BONDI**, in her official capacity as Attorney General of the United States; Todd **LYONS**, in his official capacity as Acting Director of Immigration and Customs Enforcement; Josh **JOHNSON**, in his official capacity as ICE Dallas Field Office Acting Director; and **WARDEN** of Prairieland Detention Center, in his official capacity, | § § § § § § § § § § § § § § | |
| *Respondents-Defendants*. | § | |

## ORDER

On November 11, 2025, the Court entered orders under its docket control powers to ensure prompt consideration of Petitioner-Plaintiff Surovtsev's request for a temporary restraining order. (ECF No. 4). Since that time, Respondents-Defendants (referred collectively as the government) have appeared into the case and filed a motion to vacate the Court's prior order. (ECF No. 6). Surovtsev has responded. (ECF No. 10). As the government has appeared and both Parties have essentially briefed the basis for injunctive relief, the Court first VACATES its prior order. (ECF No. 4).

A party seeking a temporary restraining order must prove each of the following elements: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the court does not grant the requested relief, (3) that the threatened injury outweighs any harm that

will result if the injunction is granted, and (4) that the grant of injunctive relief will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). A temporary restraining order is an extraordinary remedy and may only be granted if the party seeking it clearly carries the burden of persuasion on all four requirements. *Jordan v. Fisher*, 823 F.3d 805, 809 (5th Cir. 2016) (quoting *Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009)); *PCI Transp. Inc. v. Fort Worth & W.R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

The Court determines Petitioner-Plaintiff Surovtsev has failed to carry his burden of persuasion on at least one element required to support a temporary restraining order. Consequently, Surovtsev's motion for Temporary Restraining Order, (ECF Nos. 1; 2), is **DENIED in its ENTIRETY**.

**SO ORDERED.**

13th day of November, 2025.

ADA BROWN
UNITED STATES DISTRICT JUDGE